# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

331
CA 16-01627
PRESENT: CARNI, J.P., LINDLEY, DEJOSEPH, TROUTMAN, AND SCUDDER, JJ.

---

IN THE MATTER OF THE JUDICIAL SETTLEMENT OF THE
INTERMEDIATE ACCOUNTS OF HSBC BANK USA, N.A., AS
TRUSTEE OF THE TRUST UNDER AGREEMENT DATED
JANUARY 21, 1957, SEYMOUR H. KNOX, GRANTOR, FOR
THE BENEFIT OF THE ISSUE OF SEYMOUR H. KNOX, III,
FOR THE PERIOD JANUARY 21, 1957 TO NOVEMBER
3, 2005, AND NOVEMBER 4, 2005 TO JUNE 25, 2012.
-------------------------------------------------
HSBC BANK USA N.A., PETITIONER-APPELLANT,

V                                          MEMORANDUM AND ORDER

SEYMOUR H. KNOX, IV, W.A. READ KNOX, AVERY KNOX,
HELEN KNOX KEILHOLTZ, OBJECTANTS-RESPONDENTS,
AND AURORA KNOX, RESPONDENT.
(APPEAL NO. 2.)

---

HARRIS BEACH PLLC, BUFFALO (RICHARD T. SULLIVAN OF COUNSEL), FOR
PETITIONER-APPELLANT.

HOGAN WILLIG PLLC, AMHERST (LINDA LALLI STARK OF COUNSEL), FOR
OBJECTANTS-RESPONDENTS.

MOSEY ASSOCIATES, LLP, BUFFALO (ACEA M. MOSEY OF COUNSEL), FOR
RESPONDENT AURORA KNOX.

---

Appeal from an order of the Surrogate's Court, Erie County
(Barbara Howe, S.), entered January 28, 2016. The order, upon
reargument, adhered to a prior order denying in part the petition of
HSBC Bank USA, N.A.

It is hereby ORDERED that the order so appealed from is
unanimously modified on the law by granting the petition insofar as it
sought a determination that the amount of the damages to the Trust
Under Agreement Dated January 21, 1957, Seymour H. Knox, Grantor, For
the Benefit of the Issue of Seymour H. Knox, III, with respect to the
stock petitioner retained in the F.W. Woolworth Company beyond March
1, 1995, are $641,494.00 through June 30, 2012, and a determination
that the amount of $6.5 million paid by petitioner to the Trust
pursuant to a high/low agreement is in complete satisfaction of the
damages sustained by the Trust with respect to the F.W. Woolworth
stock and with respect to damages that may be awarded to the Trust as
a result of pending objections to accounting by an infant contingent
beneficiary unless the Trust is awarded damages in excess of $6.5

million and as modified the order is affirmed without costs, and the matter is remitted to Surrogate's Court, Erie County, for further proceedings in accordance with the following memorandum:  On a prior appeal, we modified Surrogate Court's determination sustaining objections, by both the income beneficiaries and the guardian ad litem (GAL) for the three minor remainder beneficiaries, to the petition seeking a judicial settlement of an intermediate account of the Trust Under Agreement Dated January 21, 1957, Seymour H. Knox, Grantor, For the Benefit of the Issue of Seymour H. Knox, III (Trust) (*Matter of HSBC Bank, USA N.A. [Knox]*, 98 AD3d 300, *lv dismissed* 20 NY3d 1056). We concluded that the Surrogate erred in sustaining the objections, with the exception of the objections by both the income beneficiaries and the GAL concerning the retention of the stock of F.W. Woolworth Company (Woolworth) (*id.* at 307), which was cofounded by the Knox family (*id.* at 304).  We remitted the matter to the Surrogate for a recalculation of the amount of surcharges regarding the Woolworth stock, using the lost capital methodology, i.e., the formula validated by the Court of Appeals (*id.* at 320; *see Matter of Janes*, 90 NY2d 41, 55, *rearg denied* 90 NY2d 885).  Before our decision was released, petitioner and the GAL, as the representative for the then two minor remainder beneficiaries and the remainder beneficiary who had reached majority, orally agreed to a "high/low" agreement, which was thereafter executed and approved by the Surrogate.  Pursuant to that agreement, petitioner paid the Trust $6.5 million within days of the Surrogate's approval.

In 2014, petitioner sought, inter alia, to amend its petition and supplemental petition for judicial settlement of its interim account to include as an interested party an additional minor remainder beneficiary, who was born approximately two weeks before the initial petition in 2006, and to appoint a GAL for that additional minor remainder beneficiary.  As part of that application, petitioner also sought an order determining the recalculated surcharges pursuant to our remittal as determined by its expert, and for a determination that the high/low agreement insofar as it applied to the recalculated surcharges was binding upon the income beneficiaries and the additional minor remainder beneficiary.  The Surrogate granted that part of the petition seeking to open the decree and to amend the petition and supplemental petition in order to add the minor remainder beneficiary as an interested person, appointed a GAL for the additional minor remainder beneficiary, and otherwise denied the petition.

In 2015, by petition and motion, petitioner again sought an order determining the recalculated surcharge pursuant to our remittal and also determining that both the income beneficiaries and the additional minor beneficiary are bound by the high/low agreement to the extent that damages to the Trust are subsumed in the amount paid by petitioner pursuant to the high/low agreement.  The Surrogate treated the application as a motion for leave to reargue her prior order, granted leave to reargue, but again denied the relief requested.

The record establishes that both petitioner and the income

beneficiaries retained experts to calculate the damages to the Trust as a result of the retention of the Woolworth stock, using the *Janes* formula as this Court directed on remittal, and including an interest calculation to June 30, 2012.  The record also establishes that petitioner's attorney agreed to accept the calculation of the expert retained by the income beneficiaries that the Trust sustained damages in the amount of $641,494.00, which was slightly more than the amount calculated by petitioner's expert.  We therefore conclude that the Surrogate erred in denying the petition to the extent that it sought approval for the recalculation of the surcharge, and we modify the order accordingly by determining that, with respect to the objections related to the Woolworth stock, the Trust was damaged in the amount of $641,494.00 as of June 30, 2012.  Indeed, as we made clear on the prior appeal, "the purpose of damages is to replace capital that has been lost by the Trust, not by the beneficiaries" (*Knox*, 98 AD3d at 321).  In other words, the surcharge is assessed "to put the [T]rust in no worse—but no better—position than the one it would have occupied if the trustee had duly sold [the Woolworth stock]" (*Matter of Lasdon*, 32 Misc 3d 1245 [A], 2011 NY Slip Op 51710[U], *3 [Sur Ct, New York County 2011]).  Although the beneficiaries may "enforce the [T]rust," they do not take "any legal estate in the property" (EPTL 7-2.1 [a]).

We conclude that the Trust has been made whole with respect to the Woolworth stock.  Indeed, an amount approximately 10 times that of the assessed surcharge has been paid to the Trust in accordance with the high/low agreement.  We further conclude that the high/low agreement, insofar as it resolves the issue of damages sustained by the Trust as a result of petitioner's retention of the Woolworth stock, applies to both the income beneficiaries and the additional minor remainder beneficiary to the extent that her pending objections to the interim accounts concern the Woolworth stock.  We therefore further modify the order accordingly.  We further conclude that the Trust has been made whole with respect to any additional surcharges that may be imposed as a result of the pending objections up to the amount of $6.5 million inasmuch as the additional minor remainder beneficiary is "simply entitled to be put in the position . . . she would have occupied had no breach occurred" (*Matter of Saxton*, 274 AD2d 110, 121).  We therefore further modify the order accordingly.  Finally, we remit the matter to Surrogate's Court for a determination whether additional interest shall be added to the recalculated surcharge up to the date the Trust was made whole (*see generally Knox*, 98 AD3d at 321).

Entered:  April 28, 2017                          Frances E. Cafarell
                                                  Clerk of the Court